**UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF WEST VIRGINIA**
                                 **MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                 **CRIMINAL NO. 3:05-CR-68-1**
                                                                  **CIVIL NO. 3:09-CV-75**
                                                                  **(BAILEY)**

**LAJUAN GORDON,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**I.**     **Introduction**

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Joel filed his R & R on February 25, 2010 [Doc. 655]. In that filing, the magistrate judge recommended that this Court deny the § 2255 Petition [Doc. 632] as untimely and dismiss the same from the docket.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of its receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court notes objections were timely filed. See Doc. 661. Accordingly, this Court will review those portions to which objection is made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II.	Factual and Procedural History

The relevant factual and procedural history regarding the petitioner's motion under 28 U.S.C. § 2255 are as follows. On April 21, 2006, the petitioner pled guilty pursuant to a written plea agreement to the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). As part of that agreement, the defendant stipulated to a relevant conduct of 1,763.3 grams of cocaine base. As a result, the Court sentenced the petitioner to a 240-month term of incarceration and 3 years of supervised release. Following the entry of judgment on July 28, 2006, the petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit. See Doc. 460. On December 18, 2007, the Fourth Circuit affirmed the petitioner's conviction and sentence. See Doc. 523. Petitioner made no motion for rehearing, and filed no writ of certiorari with the United States Supreme Court. Accordingly, the petitioner's conviction became final for § 2255 purposes on March 17, 2008. See **Clay v. United States**, 537 U.S. 522 (2003).

On November 30, 2009, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This filing was made after the statute of limitations had run. Following an initial review, the Magistrate Judge gave notice to petitioner pursuant to **Hill v. Braxton**, 277 F.3d 701, 707 (4th Cir. 2004), that absent sufficient justification, the petition would be subject to dismissal for violating the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. In response to the notice, the petitioner concedes that his petition as filed violates AEDPA's one-year limitations period; however, the petitioner further argues that

2

he is entitled to equitable tolling because facts supporting the claim or claims presented could not have been discovered through the exercise of due diligence.

Upon consideration, Magistrate Judge Joel recommended that the petition be dismissed, as the existence of the letter had been known for years, thereby creating an insufficient basis to toll the one-year limitations period. In objections, the petitioner again contends his co-defendant's letter, which he asserts exonerates him in part, was not discoverable until after the statute of limitations had run; therefore, he argues the limitations period should be tolled.

### III. Applicable Law

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Moreover, "[f]or the purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment in entered." **Sherill v. United States**, 2006 WL462092 *1 (W.D.N.C. Feb. 23, 2006). In this case, the petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. Petitioner did not file a writ of certiorari to the United States

Supreme Court, therefore his conviction became final on March 17, 2008. Accordingly, the statute of limitations under the AEDPA ran one year later on March 17, 2009. The instant motion was filed on November 30, 2009.

## IV. Discussion

Turning to the case at bar, it is apparent to this Court that the petition is untimely. While the Fourth Circuit has held that the AEDPA statute of limitation is subject to equitable modifications such as tolling, **United States v. Prescott**, 221 F.3d 686, 687-88 (4th Cir. 2000), nevertheless, "rarely will circumstances warrant equitable tolling." **Rouse v. Lee**, 339 F.3d 238, 246 (4th Cir. 2003). Here, the Court finds petitioner's argument for equitable tolling to be misplaced.

The event upon which the petitioner alleges must trigger equitable tolling is a letter he claims was newly discovered by present counsel. This letter, however, was submitted at co-defendant Carter's sentencing. Petitioner Gordon claims exonerates him of the firearms transaction and lessens the total relevant conduct. Specifically, he contends Carter's letter reveals that "there was a misunderstanding as to the distribution of eight balls of cocaine and the agents assumed that [Carter] was referring to the Petitioner, when, in fact . . . [Carter] indicates in the postscript . . . that he was actually referring to eight balls of cocaine purchased from . . . [JoAnn] Christian."

At the petitioner's sentencing hearing, this letter was partially read aloud into the record, and the petitioner's counsel was provided a copy of the same. Thus, this Court finds that the instant claims presented in this petition certainly could have been discovered through the exercise of due diligence. The existence of the letter was referenced on numerous occasions and was also read in its entirety into the record at co-defendant Carter's sentencing hearing. Therefore, the statute of limitations should not be tolled; accordingly, this petition is untimely.

4

Simply put, this Court finds that the petitioner has known for years that the letter existed, and with retained counsel available to assist him for a full year and seven months prior to the filing of his untimely § 2255 petition, he was better situated than most prisoners to obtain a copy of the letter. Regardless of present counsel's claims that "substantial efforts" were required to obtain Carter's letter, by scouring petitioner's former attorney Lambert's file and painstakingly searching through co-defendant Carter's docket entries, this Court finds it evident that a cursory read of petitioner's own sentencing transcript belies the claim that the contents of Carter's letter is newly-discovered evidence, the factual predicate of which he could not have previously discovered even with the exercise of due diligence. To the contrary, it is apparent that the petitioner has long been aware of the existence, if not the full contents of this letter. It is also clear that the petitioner's counsel, despite his claims otherwise, was well aware that the petitioner knew of the letter's existence for the three years and four months preceding the filing of his § 2255 petition, facts that both now claim to have only discovered in September, 2009. This Court finds that petitioner has not presented any evidence regarding any newly-discovered fact that would justify equitable tolling, let alone proven the requisite diligence in attempting to timely file his motion.

This Court is also unpersuaded by the petitioner's claim that he was prevented from filing a timely § 2255 motion by circumstances external to him or beyond his own control. Petitioner was free to file his own § 2255 motion at any time; his attempt to have counsel appointed for that purpose as early as September 28, 2006, indicates his early awareness of his habeas corpus time restrictions. Petitioner retained counsel to present his § 2255 claims for him almost a full year before the statute of limitations for his § 2255 claims expired. Petitioner has, thus, failed to meet his burden of presenting any evidence to prove that any circumstance beyond his control or external to his own conduct caused his delay. Furthermore, a review of the record shows that not only did petitioner validly waive his right to file a habeas corpus petition in his plea agreement and at his Rule 11 hearing,

5

petitioner's § 2255 claims are also untruthful, unsupported, lacking in merit and procedurally defaulted. Accordingly, he cannot show that gross injustice will occur if the statute of limitation for his § 2255 motion is enforced.

In support of this Court's finding that no injustice has occurred, this Court finds it equally important that the sentencing judge already had the full benefit of examining both the credibility of co-defendant Carter's letter as well as his in-court testimony at sentencing.

The text of the letter reads as follows:

"Confession. Deposition for Sentencing. Case # 3:05cr68-05. I George Carter paid Mike Lawrence $20.00 to remove the AK47 left in my house. He sold it and Bought [sic] me $150.00 I purchased crack cocaine for JoAnn Christian and myself. Mr. Gordon had nothing to do with any gun transaction. I miss led [sic] Ms. Christian in her own pursuit to entrap Mr. Gordon. *[signed]* George B. Carter. *[post-script]*: See investigative Report #9 paragraph 4 Report #10 interview with defendant Carter is inacurate [sic]. (paragraph 1) never saw Rutherford only heard him. (paragraph 2) completely fabricated. (paragraph 3) I was speaking of 8 Balls I bought from Christian not Gordon construed by det. Harris. [sic] *[signed]* George B. Carter."

The sentencing judge, the late Hon. Craig W. Broadwater, read the full contents of co-defendant Carter's letter and found his recantation to be completely incredible. At Gordon's sentencing, Judge Broadwater stated: "I found that [recantation] totally incredible and beyond belief at that late point in time in his sentencing to consider anything of that having a speck of truth to it."

Further, in co-defendant JoAnn Christian's debriefing, she advised that she and Carter traded an AK-47 to Gordon for an 8-ball of crack cocaine. This is supported by Carter's own conflicting statements at sentencing in which he stated that "[w]e intended on

selling this gun to Gordon. However, this gun never got to Gordon . . .. *We got the cocaine from Gordon*, but the gun never went to Gordon." (emphasis added). The sentencing Judge and this Court both find this to be sufficient to uphold the relevant conduct to which defendant Gordon stipulated in his plea agreement.

## V.  Conclusion

Upon careful review of the above, and for the reasons more fully stated in the R&R, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation [Doc. 655]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the petitioner's Objections to the R&R **[Doc. 661]** are hereby **OVERRULED**. Therefore, this Court hereby **DENIES** the § 2255 Petition **[Civ. Doc. 1 / Crim. Doc. 632]** and **ORDERS** the same **DISMISSED** from the docket of this Court.

As a final matter, Defendant's Request for Hearing **[Civ. Doc. 2 / Crim. Doc. 633]**, Petitioner's Request for Hearing **[Doc. 653]** and Request for Hearing on the Report and Recommendation of the Magistrate Judge **[Doc. 662]** are all hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** June 15, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE